**ZELMS ERLICH & MACK**
Rinat Klier-Erlich (State Bar No. 188933)
rerlich@zelmserlich.com
20920 Warner Center Lane, Suite B
Woodland Hills, California 91367
Telephone: (480) 608-2114
Facsimile: (818) 999-9155

Attorneys for Defendants
BEN ACQUISITIONS WRONGFULLY NAMED AS BEN BELACK GROUP and
UMRO REALTY CORPORATION d/b/a THE AGENCY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GANZ, on behalf of himself and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BEN BELACK GROUP, and UMRO REALTY CORPORATION d/b/a THE AGENCY, <br><br> Defendants. | Case No. 3:23-CV-03263-JCS <br><br> **DEFENDANTS, BEN BELACK GROUP AND UMRO REALTY CORPORATION D/B/A THE AGENCY'S RESPONSE TO PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants BEN BELACK GROUP and UMRO REALTY CORPORATION d/b/a THE AGENCY ("Defendants") hereby answers and otherwise responds to the Class Action Complaint ("Complaint") filed by Plaintiff CARL GANZ ("Plaintiff"), on behalf of himself and those similarly situated. By this response, Defendants do not waive, and expressly reserves, any and all rights it has to file dispositive motions addressed to some or all

of the claims or allegations set forth in the Complaint. References to the headings used in the Complaint are for ease of reference only and do not constitute admissions. To the extent that any heading in the Complaint asserts any allegation as to which a response is required, Defendants deny such allegation. Except as expressly admitted, Defendants deny each and every allegation in the Complaint.

## <u>RESPONSE TO ALLEGATIONS AS TO "INTRODUCTION"</u>

1.    Responding to paragraph 1, Defendants deny that they negligently, knowingly, and/or willfully placed unsolicited automated text messages to Plaintiff and the putative class on their respective cellular phones which are registered with the National Do-Not Call Registry ("DNC"). Defendants further deny that there is a putative class and that Plaintiff is a representative of such alleged class.

2.    Responding to paragraph 2, Plaintiff asserts legal conclusions as to which no response is necessary. Except as expressly admitted each and every allegation in this paragraph is denied.

3.    Responding to paragraph 3, Plaintiff asserts legal conclusions as to which no response is necessary. Except as expressly admitted each and every allegation in this paragraph is denied.

4.    Responding to paragraph 4, Defendants deny that they sent a total of eight unsolicited text messages to Plaintiff's cellular telephone and deny that they used an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.

5.    Responding to paragraph 5, Defendants cannot admit or deny whether Plaintiff's phone was registered with DNC and for this reason deny the allegation.

6.    Responding to paragraph 6, Defendants deny that they used ATDS and that they bombarded consumer mobile phones.

7.    Responding to paragraph 7, Plaintiff asserts legal conclusions as to which no response is necessary.

8.    Responding to paragraph 8, Plaintiff asserts legal conclusions as to

2

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

which no response is necessary. Further, a denial is made that Defendants sent automated texts.

## RESPONSE TO ALLEGATIONS AS TO "JURISDICTION AND VENUE"

9.   Responding to paragraph 9, Defendants admit that Plaintiff alleges violations of a federal statute, the TCPA. The remainder of this paragraph asserts legal conclusions as to which no response is necessary.

10.   Responding to paragraph 10, Defendants admit that, Defendants conduct business in the State of California, and within the judicial district. Except as expressly admitted each and every allegation in this paragraph is denied.

11.   Responding to paragraph 11, Defendants do not challenge venue in this Court at this time but reserve the right to do so should investigation and discovery reveal facts supporting a change of venue. Except as expressly admitted each and every allegation in this paragraph is denied

12.   Responding to paragraph, 12, Defendants do not challenge venue in this Court at this time but reserves the right to do so should investigation and discovery reveal facts supporting a change of venue. Except as expressly admitted each and every allegation in this paragraph is denied

## RESPONSE TO ALLEGATIONS AS TO "PARTIES"

13.   Responding to paragraph 13, Defendants have no personal information or belief as to who Plaintiff is.  Plaintiff further asserts legal conclusions as to which no response is necessary.

14.   Responding to paragraph 14, Defendants deny BBG is a California entity. The remaining allegation in this paragraph are also denied.

15.   Responding to paragraph 15, Defendants admit that UMRO is a California corporation with its principal place of business in Beverly Hills, California. Except as expressly admitted each and every allegation in this paragraph is denied.

16.   Responding to paragraph 16, Plaintiff asserts legal conclusions as to which no response is necessary.

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

17. Responding to paragraph 17, Defendants admit that they conducted business in the State of California and in the County of Alameda, and within the judicial district.

18. Responding to paragraph 18, Defendants deny the paragraph in its entirety.

## RESPONSE TO ALLEGATIONS AS TO "TCPA BACKGROUND"

19. Responding to paragraph 19, Plaintiff asserts legal conclusions as to which no response is necessary.

20. Responding to paragraph 20, Plaintiff asserts legal conclusions as to which no response is necessary.

21. Responding to paragraph 21, Plaintiff asserts legal conclusions as to which no response is necessary.

22. Responding to paragraph 22, Plaintiff asserts legal conclusions as to which no response is necessary.

23. Responding to paragraph 23, Plaintiff asserts legal conclusions as to which no response is necessary.

24. Responding to paragraph 24, Plaintiff asserts legal conclusions as to which no response is necessary.

25. Responding to paragraph 25, Plaintiff asserts legal conclusions as to which no response is necessary.

26. Responding to paragraph 26, Plaintiff asserts legal conclusions as to which no response is necessary.

27. Responding to paragraph 27, Plaintiff asserts legal conclusions as to which no response is necessary.

28. Responding to paragraph 28, Plaintiff asserts legal conclusions as to which no response is necessary.

29. Responding to paragraph 29, Plaintiff asserts legal conclusions as to which no response is necessary.

30.    Responding to paragraph 30, Plaintiff asserts legal conclusions as to which no response is necessary.

31.    Responding to paragraph 31, Plaintiff asserts legal conclusions as to which no response is necessary.

## RESPONSE TO ALLEGATIONS AS TO "FACTUAL ALLEGATIONS"

32.    Responding to paragraph 32, Defendants admit that they are full-service luxury real estate brokerage and lifestyle companies providing services for buyers and sellers, among others.

33.    Responding to paragraph 33, Defendants deny the paragraph in its entirety.

34.    Responding to paragraph 34, Defendants deny that they have invaded the privacy of Plaintiff and the members of the Class, or that there is a class.

## RESPONSE TO ALLEGATIONS AS TO "FACTUAL BACKGROUND AS TO PLAINTIFF"

35.    Responding to paragraph 35, Defendants lack information sufficient to form a belief as to whether Plaintiff was a citizen of the State of California and on that basis denies the same.

36.    Responding to paragraph 36, Defendants deny that BBG is, and at all times mentioned herein was, a company. Plaintiff further asserts legal conclusions as to which no response is necessary.

37.    Responding to paragraph 37, Defendants that UMRO is, and at all times mentioned herein was, a company. Plaintiff asserts legal conclusions as to which no response is necessary.

38.    Responding to paragraph 38, Defendants admit that at all times relevant Defendants conducted business in the State of California and in the County of Alameda, within the judicial district.

39.    Responding to paragraph 39, Defendants lack any personal knowledge or belief as to whom Plaintiff was and what his cell number was/is, and on this basis,

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

deny the allegations.

40.    Responding to paragraph 40, Defendants lack information sufficient to form a belief as to whether Plaintiff is the sole user and/or subscriber of his Cell Phone, and on this basis, deny the allegations.

41.    Responding to paragraph 41, Defendants lack information sufficient to form a belief as to whether Plaintiff's Cell Phone is assigned to him as his personal cellular telephone, and on this basis, deny the allegations.

42.    Responding to paragraph 42, Defendants lack information sufficient to form a belief as to whether or when Plaintiff added his phone to the DNC, and on this basis, deny the allegations.

43.    Responding to paragraph 43, Defendants lack information sufficient to form a belief as to how many texts were sent to Plaintiff, and on this basis they deny the request. Defendants admit that phone numbers (310) 923-7954 and (424) 470-7255, are associated with one of the defendants. Except as expressly admitted, each and every allegation in this paragraph is denied.

44.    Responding to paragraph 44, Defendants lack information sufficient to form a belief as to whether on May 1, 2023, at approximately 8:58 a.m., a text was sent, but they deny that any text was sent from an automated machine. Except as expressly admitted each and every allegation in this paragraph is denied.

45.    Responding to paragraph 45, Defendants admit that there was a text sent regarding Plaintiff's home not selling. Except as expressly admitted each and every allegation in this paragraph is denied.

46.    Responding to paragraph 46, Defendants admit that a text was sent with an image including, an option to reply "stop" to unsubscribe. Except as expressly admitted each and every allegation in this paragraph is denied.

47.    Responding to paragraph 47, Defendants deny that they sent an automated text message to the Plaintiff's Cell Phone. Defendants admit that Chris is affiliated with The Agency. Except as expressly admitted each and every allegation

6

in this paragraph is denied.

48.     Responding to paragraph 48, Defendants admit that a text was sent. Except as expressly admitted each and every allegation in this paragraph is denied.

49.     Responding to paragraph 49, Defendants lack information sufficient to form a belief as to whether on May 3, 2023, Plaintiff requested that Defendants stop sending him text messages by replying the word "Stop" as requested by Defendants. Thereafter no further texts were sent. Except as expressly admitted each and every allegation in this paragraph is denied.

50.     Responding to paragraph 50, Defendants lack information sufficient to form a belief as to whether there were any texts from phone number (818) 651-8455, which is not affiliated with Defendants. Except as expressly admitted each and every allegation in this paragraph is denied.

51.     Responding to paragraph 51, Defendant lacks information sufficient to form a belief as to whether Plaintiff provided consent for any of the text messages received.

52.     Responding to paragraph 52, Defendants they are legal conclusions, to which Defendants deny.

53.     Responding to paragraph 53, Defendants lack information sufficient to form a belief as to whether Plaintiff's Cell Phone number was on the DNC since October 13, 2007. Except as expressly admitted each and every allegation in this paragraph is denied.

54.     Responding to paragraph 54, Defendants admit Plaintiff received at least two telephone solicitations from Defendants within a 12-month period. Except as expressly admitted each and every allegation in this paragraph is denied.

55.     Responding to paragraph 55, they are legal conclusions, to which Defendants deny.

56.     Responding to paragraph 56, Defendants lack information sufficient to form a belief as to whether Plaintiff did not have an established business relationship

DEFENDANTS RESPONSE TO PLAINTIFF'S CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL

with Defendants.

57.     Responding to paragraph 57, Defendants lack information sufficient to form a belief as to whether Plaintiff did not have a personal relationship with any Defendants.

58.     Responding to paragraph 58, Defendants lack information sufficient to form a belief as to whether Plaintiff did not give any Defendants prior express invitation or consent to message Plaintiff's cellular telephone.

59.     Responding to paragraph 59, Defendants deny the paragraph in its entirety.

60.     Responding to paragraph 60, Defendants deny the paragraph in its entirety.

61.     Responding to paragraph 61, Defendants deny the paragraph in its entirety.

62.     Responding to paragraph 62, Defendants deny the paragraph in its entirety.

63.     Responding to paragraph 63, Defendants deny the paragraph in its entirety.

64.     Responding to paragraph 64, Defendants lack information sufficient to form a belief as to whether receipt of Defendants' message drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery. For this reason, the allegation is denied.

65.     Responding to paragraph 65, Defendants lack information sufficient to form a belief as to how many texts messages were sent to Plaintiff to his Cell Phone, or whether his phone was registered with the DNC, for at least 31 days prior to these text messages.

66.     Responding to paragraph 66, Defendants deny the paragraph in its entirety.

67.     Responding to paragraph 67, Defendants lack information sufficient to

8

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

form a belief as to whether any of the text messages received by Plaintiff were for an emergency purpose.

68.    Responding to paragraph 68, Defendants deny upon information and belief, that they did not make the solicitations in error. There were no phone calls.

### RESPONSE TO ALLEGATIONS AS TO "STANDING"

69.    Responding to paragraph 69, Plaintiff asserts legal conclusions as to which no response is necessary.

### RESPONSE TO ALLEGATIONS AS TO "THE INJURY IN FACT PRONG"

70.    Responding to paragraph 70, Plaintiff is alleging legal conclusions, which require no response.

71.    Responding to paragraph 71, Plaintiff is alleging legal conclusions, which require no response. Defendants deny that they used ATDS. Except as expressly admitted each and every allegation in this paragraph is denied.

72.    Responding to paragraph 72, Plaintiff is alleging legal conclusions, which require no response. Defendants deny that they used ATDS. Except as expressly admitted each and every allegation in this paragraph is denied. Defendants also deny that there is a class and that the call members were damaged.

### RESPONSE TO ALLEGATIONS AS TO "THE TRACEABLE TO THE CONDUCT OF DEFENDANT PRONG"

73.    Responding to paragraph 73, Plaintiff is alleging legal conclusions, which require no response.

74.    Responding to paragraph 74, Plaintiff is alleging legal conclusions, which require no response. Defendants admit that two phone numbers are associated with UMRO's licensees. Except as expressly admitted each and every allegation in this paragraph is denied.

### RESPONSE TO ALLEGATIONS AS TO "THE INJURY IS LIKELY TO BE READDRESSED BY A FAVORABLE JUDICIAL OPINION PRONG"

75.    Responding to paragraph 75, Plaintiff is alleging legal conclusions,

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

which require no response.

76.     Responding to paragraph 76, Plaintiff is alleging legal conclusions, which require no response.

77.     Responding to paragraph 77, Plaintiff is alleging legal conclusions, which require no response.

## RESPONSE TO ALLEGATIONS AS TO "CLASS ACTION ALLEGATIONS"

78.     Responding to paragraph 78, Plaintiff is alleging legal conclusions, which require no response. Defendants deny that there is an ascertainable class or that they used ATDS.

79.     Responding to paragraph 79, Plaintiff is alleging legal conclusions, which require no response.

80.     Responding to paragraph 80, Plaintiff is alleging legal conclusions, which require no response.

81.     Responding to paragraph 81, Defendants deny that Plaintiff was contacted via ATDS, that there are members of the Class and that anyone was harmed.

82.     Responding to paragraph 82, Defendants deny the allegations in the paragraph in their entirety.

83.     Responding to paragraph 83, Defendants lack information sufficient to form a belief as to whether the members of the class are so numerous that joinder of all of them is impracticable, based thereon Defendants deny the allegations and that there are any members of a class.

84.     Responding to paragraph 84, Defendants lack information sufficient to form a belief as to whether the exact number of the members of the class is unknown to Plaintiff at this time, but deny there are members of the class.

85.     Responding to paragraph 85, Defendants lack information sufficient to form a belief as to whether the members of the class are ascertainable, but deny that they are.

ZELMS ERLICH & MACK   CALIFORNIA | ARIZONA

86.     Responding to paragraph 86, Defendants lack information sufficient to form a belief as to whether the members of the class are identifiable, and deny that they are.

87.     Responding to paragraph 87, Defendants lack information sufficient to form a belief as to whether the members of the class are typical, and deny that they are.

88.     Responding to paragraph 88, Defendants lack information sufficient to form a belief as to any members of an alleged class, but deny that they burdened anyone's cellular numbers or that they used ATDS.

89.     Responding to paragraph 89, Defendants lack information sufficient to form a belief as to any non-existent class member. However, Defendants deny their committed any wrongdoing.

90.     Responding to paragraph 90, Defendants lack information sufficient to form a belief as to any non-existent class member. However, Defendants deny their committed any wrongdoing.

91.     Responding to paragraph 91, Defendants lack information sufficient to form a belief as to any members of an alleged class, but deny that they burdened anyone's cellular numbers or that they used ATDS.

92.     Responding to paragraph 92, Defendants lack information sufficient to form a belief as to whether Plaintiff is qualified, however, Defendants deny that there is a class of injured persons and that Plaintiff represents them.

93.     Responding to paragraph 93, Defendants lack information sufficient to form a belief as to whether Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

94.     Responding to paragraph 94, Defendants do not argue that Plaintiff will vigorously pursue the claims of the members of the class.

95.     Responding to paragraph 95, Defendants admit that Plaintiff has retained counsel, but they lack information and belief as to the qualifications of counsel.

96.    Responding to paragraph 96, Defendants have no personal information or belief whether Plaintiff's counsel will vigorously pursue this matter.

97.    Responding to paragraph 97, Defendants have no personal information or belief if Plaintiff's counsel will assert, protect and otherwise represent the members of the class.

98.    Responding to paragraph 98, Defendants lack information sufficient to form a belief as to whether Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

99.    Responding to paragraph 99, Defendants lack information sufficient to form a belief as to whether the questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class. However, Defendants deny that there is a class or that it has any members.

100.   Responding to paragraph 100, Defendants lack information sufficient to form a belief as to whether there are common questions of law and fact as to all members of the Class. However, they deny that there is any class and that there are any members.

101[sic 99]. Responding to paragraph 101[sic 99], Defendants lack information sufficient to form a belief as to whether a class is superior. However, they deny that there is any class and that there are any members.

102[sic 100]. Responding to paragraph 102[sic 100], Defendants deny that Defendants have acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

103 [sic 101]. Responding to paragraph 103[sic 101], Defendants deny that Plaintiff and the members of the class have all suffered irreparable harm as a result of the Defendants' conduct.   Defendants also deny that they acted illegally or will continue to do so.

ZELMS ERLICH & MACK

CALIFORNIA | ARIZONA

104 [sic 102]. Responding to paragraph 104[sic 102], Defendants deny that class action is a superior method for the fair and efficient adjudication of this controversy.

105 [sic 103]. Responding to paragraph 105 [sic 103], Defendants deny that Plaintiff and the class members have all suffered and will continue to suffer harm and damages as a result of Defendants' conduct.

106 [sic 104]. Responding to paragraph 106 [sic 104], the allegations are legal contentions that do not require a response.

## RESPONSE TO COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, ET SEQ.

107 [sic 105]. Responding to paragraph 107 [sic 105], Defendants incorporate all the foregoing responses of this Answer as though fully alleged herein.

108 [sic 106]. Responding to paragraph 108 [sic 106], Defendants deny that they used ATDS or that they texted any class members.

109 [sic 107]. Responding to paragraph 109 [sic 107], Defendants deny they made text messages *en masse* without the consent of Plaintiff and the other members of the alleged class.

110 [sic 108].  Responding to paragraph 110 [sic 108], Defendants deny that Defendants' conduct was negligent, willful or knowing.

111 [sic 109]. Responding to paragraph 111 [sic 109], Defendants deny that Defendants knew or should have known that they did not have prior express written consent to send texts.

112 [sic 110]. Responding to paragraph 112 [sic 110], Defendants deny that Defendants negligently, willfully, and/or knowingly allowed unsolicited text messages to be sent to Plaintiff and class members.

113 [sic 111]. Responding to paragraph 113 [sic 111], Defendants deny that the foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA.

114 [sic 112]. Responding to paragraphs 114 [sic 112], Defendants deny that Defendants have violated 47 U.S.C. § 227(b)(1).

115 [sic 113]. Responding to paragraph 115 [sicc113], Defendants deny that Plaintiff and the class members have been damaged. Most of the allegations are legal contentions and therefore do not require a response.

116 [sic 114]. Responding to paragraph 116 [sic 114], Defendants deny that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2). Most of the allegations are legal contentions and therefore do not require a response.

117 [sic 115]. Responding to paragraph 117 [sic 115], the allegations are legal contentions and therefore do not require a response.

118 [sic 116]. Responding to paragraph 118 [sic 116], the allegations are legal contentions and therefore do not require a response.

## RESPONSE TO COUNT II - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING THE NATIONAL DO-NOT CALL REGISTRY 47 C.F.R. § 64.1200(C)

119 [sic 117]. Responding to paragraph 117 [sic 115], Defendants incorporate all the responses of this Answer as though fully alleged herein.

120 [sic 118]. Responding to paragraph 120 [sic 118], Defendants lack information sufficient to form a belief as to whether Plaintiff and members of the DNC class received more than one marketing text message within a 12-month period. They deny any wrongdoing and that there is a class.

121 [sic 119]. Responding to paragraph 121 [sic 119], Defendants deny that at all relevant times, Defendants knew or should have known that its conduct as alleged herein violated the TCPA.

122 [sic 120]. Responding to paragraph 122 [sic 120], Defendants deny they sent unsolicited and unauthorized text messages to the cellular telephones of Plaintiff and the class members, cellular telephones which were registered with the National Do-Not Call Registry.

123 [sic 121]. Responding to paragraph 123 [sic 121], Defendants deny they knew that they did not have prior express written consent to send text messages.

124 [sic 122].  Responding to paragraph 124 [sic 122], Defendants deny they willfully or knowingly allowed text messages to be sent to Plaintiff's and class members' cellular telephone numbers on the National Do-Not Call Registry.

125 [sic 123]. Responding to paragraph 125 [sic 123], Defendants deny that Plaintiff or any class members suffered any harm.

126 [sic 124]. Responding to paragraph 126 [sic 124], Defendants deny the allegations in the paragraph. Also, the allegations are legal contentions and therefore do not require a response.

127 [sic 125]. Responding to paragraph 127 [sic 125], Defendants deny the allegations in the paragraph. Also, the allegations are legal contentions and therefore do not require a response.

128 [sic 126]. Responding to paragraph 128 [sic 126], Defendants deny the allegations in the paragraph. Also, the allegations are legal contentions and therefore do not require a response.

129 [sic 127]. Responding to paragraph 129 [sic 127], Defendants deny the allegations in the paragraph. Also, the allegations are legal contentions and therefore do not require a response.

## RESPONSE TO ALLEGATIONS AS TO "PRAYER FOR RELIEF"

In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief of any kind against Defendants, whether involving declaratory relief, reimbursement, attorneys' fees and costs, compensatory damages, interest, costs of this action, or otherwise. They also deny that there is a class or any members thereof.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendants hereby states the following defenses to the claims asserted against it in the Complaint, but does not

assume the burden of proof on any such defense except as required by applicable law. Defendants reserve the right to assert additional defenses or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

1.     As a separate, affirmative defense, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     As a separate, affirmative defense, Defendants allege that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.     As a separate, affirmative defense, Defendants allege that their actions were proper and did not violate any statutes, including 47 U.S.C. § 227, et seq. of the Telephone Consumer Protection Act ("TCPA") and 47 CFR section 64.1200(c).

## FOURTH AFFIRMATIVE DEFENSE

4.     As a separate, affirmative defense, Plaintiff was not charged for any alleged call by Defendants, and his Complaint is not actionable under the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendants allege that Plaintiff lacks standing to assert the claims for relief in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

6.     As a separate, affirmative defense, Defendants allege that at all times mentioned in the Complaint, Defendants acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendants acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendants were justified under the circumstances based on information reasonably available.

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

1

## SEVENTH AFFIRMATIVE DEFENSE

7.      As a separate, affirmative defense, Defendants allege that they did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendants at all times acted in good faith with respect to its communications with Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

8.      As a separate, affirmative defense, Defendants allege that if it is assumed, arguendo, that Defendants violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendants denies, such violation was not negligent or intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## NINTH AFFIRMATIVE DEFENSE

9.      As a separate, affirmative defense, Defendants allege that, at all times alleged in Plaintiff's Complaint, it maintained reasonable procedures created to prevent violations of the TCPA.

## TENTH AFFIRMATIVE DEFENSE

10.     As a separate, affirmative defense, Defendants allege that if Plaintiff was damaged in any sum or sums alleged, which Defendants deny, then Plaintiff's damages are limited by, inter alia, by the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     As a separate, affirmative defense, Defendants allege that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

12.     As a separate, affirmative defense, Defendants allege that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate, affirmative defense, Defendants allege that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a separate, affirmative defense, Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff's own conduct contributed to the cause of his alleged injuries, losses or damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a separate, affirmative defense, Defendants allege that Plaintiff has been unable to show that Plaintiff's injury is traceable to the conduct of Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a separate, affirmative defense, Defendants allege, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendants, Plaintiff has failed to mitigate any such claimed damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a separate, affirmative defense, Defendant alleges the Complaint and each purported cause of action alleged therein against Defendants is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As a separate, affirmative defense, Plaintiff has actively attempted to place himself in a position to be the subject of unwilling alleged violations of the TCPA, and maintained that position to maximize his own purported damages and injuries. As such, Plaintiff cannot complain of his alleged injuries or collect thereon.

1

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate, affirmative defense, Defendants allege that Plaintiff consented to the communications and/or disclosures complained of, the existence of which Defendants deny.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     As a separate, affirmative defense, the enforcement of statutory damages under the TCPA against Defendants without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and unconstitutional damages.

### TWENTY FIRST AFFIRMATIVE DEFENSE

21.     As a separate, affirmative defense, to the extent that Defendant was provided with Plaintiff's number as the primary contact point for an account holder, implied and/or express permission existed for the texting of the number by Defendants. Such contact under those circumstances involve Defendants' right of commercial free speech and is not actionable by law.

### TWENTY SECOND AFFIRMATIVE DEFENSE

22.     As a separate, affirmative defense, Defendants never called Plaintiff's phone.

### TWENTY THIRD AFFIRMATIVE DEFENSE

23.     As a separate, affirmative defense, Defendants allege that they had prior express consent to call the telephone number(s) at issue.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

24.     As a separate, affirmative defense, Defendants allege that Plaintiff's claims are barred to the extent the court lacks jurisdiction and/or the venue is improper.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

25.     As a separate, affirmative defense, Defendants allege that any violation of the TCPA was unintentional and resulted from a bona fide error notwithstanding the reasonable practices and procedures established and implemented by Defendants,

to effectively prevent communications in violation of the TCPA. See 47 U.S.C. §) 227(c)(5).

### TWENTY SIXTH AFFIRMATIVE DEFENSE

26.    As a separate, affirmative defense, Defendants allege that the Complaint is barred, in whole or in part, to the extent the Plaintiff, or any member of the alleged class, publicly listed his/their cellular phone number as the phone number for a business.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

27.    As a separate, affirmative defense, Defendants allege that, none of class allegations are appliable the Plaintiff's allegations. There are no members of the class and certainly they are not numerous. No class or members can be ascertained, there is no typicality or commonality between Plaintiff and others and between claims, and Plaintiff is not an adequate representative. There are also no common questions of fact and law that provide predominance. Finally, a class certification will provide no superiority.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

28.    As a separate, affirmative defense, Defendants allege that Plaintiff's claims, and those of the alleged class, are barred in whole or in part because Plaintiff and members of the alleged class, were not the intended recipient of the telephone texts and/or were not the sole subscriber to the telephone number.

### TWENTY NINETH AFFIRMATIVE DEFENSE

29.    As a separate, affirmative defense, Defendants allege that Plaintiff's claims, and those of the alleged class, are barred in whole or in part because Defendants did not use an "automatic telephone dialing system" or "prerecording messaging system" to contact Plaintiff or members of the alleged class.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    As a separate, affirmative defense, Defendants allege that Plaintiff is not entitled to attorneys' fees.

1

### THIRTY FIRST AFFIRMATIVE DEFENSE

2     31.    As a separate, affirmative defense, Defendants allege that Plaintiff's

3     claims, and those of the alleged class, are barred because Plaintiff, and members of

4     the alleged class, consented to, ratified, or acquiesced in all of the alleged acts of

5     which they complain.

6

### THIRTY SECOND AFFIRMATIVE DEFENSE

7     32.    As a separate, affirmative defense, Defendants allege that The

8     interpretations of the TCPA, upon which the Complaint is based, are

9     unconstitutionally vague and overbroad, and thus violate provisions of the United

10    States Constitution, including the Due Process Clause. The interpretation is based on

11    arbitrary and capricious actions taken by the Federal Communications Commission.

12    See ACA Int'l v. FCC, 885 F.3d 687, 701-04 (D.C. Cir. 2018).

13

### THIRTY THIRD AFFIRMATIVE DEFENSE

14    33.    As a separate, affirmative defense, Defendants allege that Defendants

15    incorporate herein by reference all provisions set forth within 47 U.S.C. §) 227 and

16    47 C.F.R. §) 64.1200 (including prior versions of this statute and regulation) and rely

17    herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions,

18    or other defenses that may be set forth therein.

19

### THIRTY FOURTH AFFIRMATIVE DEFENSE

20    34.    As a separate, affirmative defense, Defendants allege that Plaintiff has

21    no injury in fact, which must be both "concrete" and "particularized" in order to satisfy

22    the requirements of Article III of the Constitution, as laid out in *Spokeo, Inc. v. Robins*,

23    578 U.S. (2016) at 7.

24    WHEREFORE, Defendants pray for relief as follows:

25    1. That the Complaint be dismissed, with prejudice and in its entirety;

26    2. That Plaintiff take nothing by reason of this Complaint and that judgment be

27    entered against Plaintiff and in favor of Defendants;

28    3. That Defendants be awarded its attorneys' fees and costs incurred in

21

ZELMS ERLICH & MACK    CALIFORNIA | ARIZONA

1 defending this action; and

2      4. That Defendants be granted such other and further relief as the Court may

3 deem just and proper.

4

5                    **DEMAND FOR JURY TRIAL**

6      PLEASE TAKE NOTICE that Defendants BEN BELACK GROUP and

7 UMRO REALTY CORPORATION d/b/a THE AGENCY, hereby requests a trial by

8 jury in this case.

9

10

11 DATED: August 28, 2023                **ZELMS ERLICH & MACK**

12

13                    By:   */s/ Rinat Klier Erlich*
                                 Rinat Klier Erlich
14                               Attorneys for Defendants BEN
                                 ACQUISITIONS WRONGFULLY
15                               NAMED AS BEN BELACK GROUP
                                 and UMRO REALTY
16                               CORPORATION d/b/a THE
                                 AGENCY
17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS RESPONSE TO PLAINTIFF'S CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL**

## CERTIFICATE OF SERVICE

At the time of Service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367.

On August 28, 2023, I served True copies of the following document(s) described as **DEFENDANTS, BEN BELACK GROUP AND UMRO REALTY CORPORATION D/B/A THE AGENCY'S RESPONSE TO PLAINTIFF'S CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

| | |
|---|---|
| David J. McGlothlin, Esq. <br> david@kazlg.com <br> Mona Amini, Esq. <br> mona@kazlg.com <br> Gustavo Ponce, Esq. <br> gustavo@kazlg.com <br> **KAZEROUNI LAW GROUP, APC** <br> 245 Fischer Avenue, Unit D1 <br> Costa Mesa, California 92626 <br> Telephone: (800) 400-6808 <br> Facsimile: (800) 520-5523 | Attorneys for Plaintiff CARL GANZ |

 **X**  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 28, 2023at Woodland Hills, California.

_____
/s/ Andrea Braga
Andrea Braga

**DEFENDANTS RESPONSE TO PLAINTIFF'S CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL**