**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Carl Ganz

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GANZ. on behalf of himself and those similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>BEN BELACK GROUP, and UMRO REALTY CORPORATION d/b/a THE AGENCY,<br><br>            Defendants. | Case No.: 3:23-cv-03263-JCS<br><br>CLASS ACTION<br><br>**JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)**<br><br>**SCHEDULING CONFERENCE:**<br><br>Date:    October 6, 2023<br>Time:    2:00 p.m.<br><br>Assigned to: Hon. Joseph C. Spero |

///

///

///

Plaintiff Carl Ganz ("Plaintiff"), Defendant Ben Belack Group and Defendant UMRO Realty Corporation d/b/a The Agency ("Defendants") (jointly, the "Parties") hereby submit this joint discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Standing Order following a conference of counsel that occurred telephonically on September 14, 2023.

**1. JURISDICTION AND SERVICE**

**Plaintiff's Position:**

This Court has federal jurisdiction over Plaintiff's causes of action under the 28 U.S.C. § 1331. Venue is proper in this District pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district.

Defendants have been served, and no parties remain to be served at this time.

**Defendants' Position:**

The alleged conduct occurred in Southern California.

**2. FACTS**

**Plaintiff's Position:**

Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Defendants contacted Plaintiff on Plaintiff's cellular telephone via text message on several occasions. These text messages by Defendant were to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and messages, in violation of 47 U.S.C. 227(b)(1). Plaintiff's cellular telephone was added to the National Do-Not- Call Registry ("DNC") on or about October 13, 2007. Defendants' unsolicated text messages to Plaintiff were sent between May 1— May 3,2023. At the time the text messages were placed to Plaintiff's cellular telephone, Defendant did not have Plaintiff's prior express consent to be contacted by Defendants

on his cellular telephone. These automated text messages sent by Defendant were in violation of 47 U.S.C. 227(b)(1)(A)(iii).

It is Plaintiff's position that the realistic range of provable statutory damages is between $500 and $1,500 per violation of the TCPA, as 47 U.S.C. § 227(b)(3)(B) permits the recovery of $500 in statutory damages for each negligent[1] violation, and 47 U.S.C. § 227(b)(3)(B) permits an award of treble damages up to $1,500 against Defendant for each and every knowing or willful violation of the TCPA.

**Defendants' Position:**

Defendants disagree with Plaintiff's contention that the requisite elements of a class action lawsuit can be met. Defendants further refutes Plaintiff's allegation that the text messages were sent knowingly and or willfully or that they were aware that Plaintiff was placed on the "Do Not Call List". Finally, some of the texts allegedly sent are unrelated to Defendants.

**3. LEGAL ISSUES**

**Plaintiff's Position:**

Plaintiff's primary legal issues will be:

- Whether Defendant violated the TCPA;
- Whether Defendant obtained "prior express consent"[2] pursuant to 47 U.S.C. § 227(b)(1)(A) to send text messages to Plaintiff and the putative class members on their cellular telephones;

---

[1] Notably, "The TCPA is essentially a strict liability statute…" *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. Ga. 2011); *see also CE Design Ltd. v. Prism Bus. Media, Inc.*, 2009 U.S. Dist. LEXIS 70712, *8-9 (N.D. Ill. Aug. 12, 2009) ("The TCPA is a strict liability statute, but the court has discretion to award treble damages for a willful or knowing violation of 47 U.S.C. 227(b).").

[2] Prior express consent is an affirmative defense to a TCPA class action such as this one. *See Grant v. Capital Management Services, L.P.*, 2011 WL 3874877, at *1 n.1. (9th Cir. Sept. 2, 2011) ("express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof") (emphasis added); *see also Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *2-3 (S.D. Cal. June 11, 2012).

- Whether the text messages from Defendant to Plaintiff and the putative class members were for an "emergency purpose" pursuant to 47 U.S.C. § 227(b)(1)(A); and
- Whether a class action pursuant to Fed. R. Civ. P. 23 is maintainable.

**Defendants' Position:**

Defendants contend that a class action pursuant to Fed. R. Civ. P. 23 is not maintainable. Defendants further contend that did not violate the TCPA.

### 4. MOTIONS

**Plaintiff's Position:**

- <u>Motion for Class Certification</u>: The parties previously stipulated to continue the Rule 23-3 deadline to be determined at the parties' Scheduling Conference. Plaintiff intends to file a Motion Class Certification after Plaintiff has had a reasonable opportunity to conduct meaningful discovery.
- <u>Other Motions:</u> Plaintiff reserves the right to bring other motions, including discovery-related motions, or a motion for summary judgment, after an opportunity to conduct discovery.

**Defendants' Position:**

The parties previously stipulated to continue the Rule 23-3 deadline to be determined at the parties' Scheduling Conference. Defendants will oppose a Motion for Class Certification after the parties have had a reasonable opportunity to conduct meaningful discovery.

Defendants reserve the right to bring other motions, including discovery-related motions, or a motion for summary judgment, after conducting discovery.

Defendants are sending Plaintiff a Statutory Offer of Judgement pursuant to Federal Rule 68 of the Federal Rules of Civil procedure.

### 5. AMENDMENT OF PLEADINGS

**Plaintiff's Position:**

Plaintiff reserves the right to amend the current complaint. Plaintiff does not presently contemplate adding additional parties; however, Plaintiff reserves the right and opportunity to do so as information is learned through discovery or in the event it is necessary to do so.

**Defendants' Position:**

Defendants reserve the right and opportunity to oppose any amendment to the current Complaint in the event it is necessary to do so.

### 6. EVIDENCE PRESERVATION

**Plaintiff's Position:**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred with pursuant to Fed. R. Civ. P. 26(f).

**Defendants' Position:**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred with pursuant to Fed. R. Civ. P. 26(f).

### 7. DISCLOSURES

**Plaintiff's Position:**

The Parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on October 30, 2023.

**Defendant' Position:**

The Parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on October 30, 2023.

### 8. DISCOVERY

**Plaintiff's Position:**

The Parties have not yet engaged in any written discovery to date. Plaintiff anticipates propounding Requests for Admissions, Requests for Production of

Documents, Special Interrogatories and anticipates taking the deposition of Defendants' representatives pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff also seeks call records, which includes text messages, associated with Plaintiff's telephone number as well as documentation pertaining to prior express consent that Defendants will rely upon in order to oppose Plaintiff's Motion for Class Certification. "[D]iscovery must be broad enough to give plaintiffs a realistic opportunity to meet (the certification) requirements." *Flores v. Bank of Am.*, 2012 U.S. Dist. LEXIS 182393, *3 (S.D. Cal. Dec. 27, 2012) (internal quotations omitted).

Plaintiff also anticipates taking the deposition of certain of Defendants' employees who may have information relevant to this action as it concerns such things as Defendants' telephone dialing practices during the class period and Defendants' practices of updating customer contact information subsequent to customer contacts and revocation of any prior-existing consent. At this time, Plaintiff is unaware of the actual identity of such witnesses, but Plaintiff believes Defendants' are (or soon will be) aware of the identity of such witnesses.

**Defendants' Position:**

The Parties have not yet engaged in any written discovery to date. Defendants anticipate propounding Requests for Admissions, Requests for Production of Documents, Special Interrogatories and anticipates taking the deposition of Plaintiff's representatives pursuant to Fed. R. Civ. P. 30(b)(6).

**9. CLASS ACTIONS**

This is a class action complaint.

**10. RELATED CASES**

None

**11. RELIEF**

**Plaintiff's Position:**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel.
- Injunctive relief prohibiting Defendants from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
- Statutory damages of $500.00 for Plaintiff and each member the Class for each and every one of Defendants' violations of 47 U.S.C. §§ 227, et eq. pursuant to 47
- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendants' willful or knowing violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(C);
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;
- Pre-judgment and post-judgment interest on monetary relief; and
- All other and further relief as the Court deems necessary, just, and proper.

**Defendants' Position:**

Defendants disagree with Plaintiff's contentions, and denies the allegations. If there were any violations that fall under the statute, and the statutory damages do not meet the Offer of Judgement amount, Plaintiff will not be entitled to fees.

## 12. SETTLEMENT AND ADR

**Plaintiff's Position:**

Plaintiff believes that future settlement discussions will benefit from a developed factual record after completion of discovery in order for the Parties to have a productive settlement discussion. If the Parties are unable to resolve the matter independently, Plaintiff is amenable to participating in private mediation.

**Defendants' Position:**

Defendants are hopeful that an informal exchange of information will show that there is no potential class and this case can be resolved.

## 13. OTHER REFERENCES

**Plaintiff's Position:**

Plaintiff does not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**Defendants' Position:**

Defendants do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. NARROWING OF ISSUES

**Plaintiff's Position:**

Plaintiff believes that the Parties may be able to narrow issues and expedite the evidence at trial by agreement or stipulation regarding the following facts:

- Whether Defendant obtained "prior express consent" pursuant to 47 U.S.C. § 227(b)(1)(A) to send text messages to Plaintiff and the putative class members on their cellular telephones;
- Whether the text messages from Defendant to Plaintiff and the putative class members were for an "emergency purpose" pursuant to 47 U.S.C. § 227(b)(1)(A)

**Defendants' Position:**

Defendants have not fully analyzed which narrowing issues can be stipulated to.

## 15. EXPEDITED TRIAL PROCEDURE

**Plaintiff's Position:**

Plaintiff does not agree to proceed under expediated trial procedures.

**Defendants' Position:**

Defendants do not agree to proceed under expediated trial procedures.

## 16. SCHEDULING

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline to Amend Pleadings | January 30, 2023 |
| Designation of experts | June 10, 2024 |
| Designation of rebuttal expert | July 10, 2024 |

| Discovery cut off | August 26, 2024 |
|---|---|
| Deadline to file Motion for Class Certification | September 23, 2024 |
| Dispositive Motions Deadline | October 28, 2024 |
| Pretrial Conference | January 21, 2025 |
| Trial | February 25, 2025 |

**17. TRIAL**

**Plaintiff's Position:**

Plaintiff believes that the length of trial will take 5 days, or perhaps longer, depending on the number of putative class members involved and the extent of documentary evidence that may be produced by Defendant. Plaintiff will likely have a better trial estimate after the Court's ruling on a motion for class certification.

**Defendants' Position:**

Defendants' believe that the length of trial will take 1-2 days.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff's Position:**

Plaintiff has not filed a notice of interested entities but knows of no other persons or entities with any such interest in Plaintiff's claims.

**Defendants' Position:**

Defendants have not filed a notice of interested entities but knows of no other persons or entities with any such interest in Plaintiff's claims.

**19. PROFESSIONAL CONDUCT**

The attorneys of record for Plaintiff and Defendant have reviewed *the Guidelines for Professional Conduct for the Northern District of California.*

///

///

**20. OTHER MATTERS**

**Plaintiff's Position:**

    **(1)    Protective Order**

If Defendants desire a stipulated protective order governing confidential information, Plaintiff requests that a stipulated protective order governing confidential information be filed by **November 1, 2023**, so as to not delay production of discovery.

    **(2)    No Bifurcation of Discovery**

Plaintiff believes that discovery should not be conducted in stages, given the relatively simple nature of this action for text messages to cellular telephones without express consent to receive such type of communication. Courts often permit class and merits discovery to be conducted simultaneously. *See Knutson v. Schwan's Home Service, Inc. et al.*, Case No. 3:12-cv-00964-GPC-DHB, Dkt. No. 25, ¶ 2 (S.D. Cal. November 7, 2012); *Stemple v. QC Holdings, Inc.*, Case No. 3:12-cv-01997-CAB-WVG, Dkt. No. 15 (S.D. Cal. Feb. 13, 2013). Since there is a heavy overlap of class certification and merits issues in a TCPA case such as this one,[3] Plaintiff believes that it would impose an undue burden on Plaintiff to conduct discovery in stages.

**Defendants' Position:**

    **(1)    Protective Order**

Defendants agree that a stipulated protective order governing confidential information will be filed by **November 1, 2023**.

///

///

///

---

[3] "Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case." *Knutson v. Schwan's Home Serv.*, 2013 U.S. Dist. LEXIS 41995, *4 (S.D. Cal. Mar. 25, 2013) (citing *Wal-Mart Stores Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52, 180 L. Ed. 2d 374 (2011) (explaining that often the rigorous analysis under Rule 23(a) will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.)).

**(2)   No Bifurcation of Discovery**

Defendants' agree that discovery should not be conducted in stages, given the relatively simple nature of this action.

Respectfully submitted,

Dated: September 29, 2023          **KAZEROUNI LAW GROUP, APC**

By:   */s/ Gustavo Ponce*
David J. McGlothlin, Esq.
Mona Amini, Esq.
Gustavo Ponce, Esq.
*Attorneys for Plaintiff*

Dated: September 29, 2023          **ZELMS ERLICH & MACK**

By:   */s/ Rinat Erlich*
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kazerouni Law Group, APC, 6787 W. Tropicana Ave., Suite 250, Las Vegas, Nevada 89103. On   October 2, 2023  , I served the within document(s):

- **JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(F)**

☒   CM/ECF - by transmitting electronically the document(s) listed above to the electronic case filing system on this date before 11:59 p.m. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record who are registered with the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and Nevada that the above is true and correct. Executed on   October 2, 2023  , at Las Vegas, Nevada.

*/s/ Gustavo Ponce*
GUSTAVO PONCE, ESQ.